IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| Roger C. Malm, Personal Representative of the Estate of Harry Malm, Deceased, )<br><br>Plaintiff, )<br><br>vs. )<br><br>United States of America, )<br><br>Defendant. ) | **ORDER GRANTING MOTION TO DISMISS**<br><br>Civil No. A2-05-48 |

Before the Court is a motion by Defendant to dismiss (doc. # 5). Plaintiff filed a brief in opposition (doc. # 8).

## FACTS

Harry Malm died on August 5, 1998. His estate included shares of Medtronic stock. The IRS disputed the estate's valuation of that stock. The dispute wound up in court, and on July 23, 2003, this Court ruled that the IRS' stock valuation was correct.

As a result of this ruling, the Medtronic stock had a higher fair market value than reported by the estate on its federal estate tax return. Therefore, the estate's federal income tax return overstated the amount of the gain on the sale of this stock.

On February 12, 2004, the estate sought a refund of the taxes it overpaid on the sale of the stock. The IRS denied this claim. Subsequently, the estate filed this lawsuit to claim its refund. The government alleges that this claim is barred by the statute of limitations.

## ANALYSIS

A claim for a refund of an overpayment of any tax shall be filed by the taxpayer within three years of the date the return, which contains the overpayment, was filed. 26 U.S.C. § 6511(a). The

1

estate filed its income tax return on November 14, 1999. Since the estate did not file a claim for a refund on that return until February 12, 2004, its claim is barred by the statute of limitations. Id.

Claims that are barred by the statute of limitations may still be brought if the mitigation provisions of 26 U.S.C. §§ 1311-1314 apply. O'Brien v. United States, 766 F.2d 1038, 1041 (7th Cir. 1985); Provident Nat'l Bank v. United States, 507 F. Supp. 1197, 1200 (E.D. Pa. 1981). The mitigation provisions "have the clear purpose of providing for adjustments to correct errors only under particular circumstances set forth in detail." O'Brien, 766 F.2d at 1042 (quoting Olin Mathieson Chem. Corp. v. United States, 265 F.2d 293, 296 (7th Cir. 1959)). "Congress did not intend to provide relief in all situations in which just claims are precluded by statutes of limitations" despite the harsh result this would cause taxpayers. Id. at 1041 (quoting Olin Mathieson Chem. Corp., 265 F.2d at 296). The party invoking the mitigation provisions bears the burden of proving that each requirement is met. Id. at 1042.

A party must meet the following three requirements in order to qualify under the mitigation provisions: (1) there must be a "determination" as defined by 26 U.S.C. § 1313(a); (2) the "determination" must be a specified circumstance of adjustment listed in 26 U.S.C. § 1312; and (3) "the party against whom the mitigation provisions are being invoked has maintained a position inconsistent with the challenged erroneous inclusion, exclusion, recognition or nonrecognition of income." Id. (citing 26 U.S.C. § 1311). The defendant concedes that the third requirement is met in this case.

A "determination" pursuant to 26 U.S.C. § 1313(a) includes "a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final." Two courts have held that a decision in an estate tax matter cannot qualify as a "determination" under 26 U.S.C. § 1313(a). Evans Trust v. United States, 462 F.2d 521, 524 (Ct.

2

Cl. 1972); Provident Nat'l Bank, 507 F. Supp. at 1202. Relying on legislative history and Treasury Regulations, these courts held that the "determination" can only be an income tax determination. Provident Nat'l Bank, 507 F. Supp. at 1202. The Fourth Circuit disagreed and held that an estate tax decision could qualify as a "determination" under 26 U.S.C. § 1313(a). Chertkof v. United States, 676 F.2d 984, 989 (1982). The Chertkof court found it significant that when Congress amended the predecessor statutes of 26 U.S.C. §§ 1311-1314 in 1954, it eliminated the phrase "under the income tax laws" after the word "determination." 676 F.2d at 987. However, at the same time, Congress moved these provisions from a section of the code that dealt with general administration to a section of the code that dealt only with income tax. Steven J. Willis, Some Limits of Equitable Recoupment, Tax Mitigation, and Res Judicata: Reflections Prompted by Chertkof v. United States, 38 Tax Law. 625, 648 (1985). The legislative history indicates that "under the income tax laws" was deleted because it was superfluous language now that the statute appeared in the section of the code that dealt with income tax. Id. at 654.

The Chertkof court infers too much about Congress' intent from the deletion of this phrase. In addition, the legislative history and the Treasury Regulations contradict the conclusion that an estate tax determination qualifies under 26 U.S.C. § 1313(a). Provident Nat'l Bank, 507 F. Supp. at 1202. In the case at bar, the determination involved the valuation of stock for a federal estate tax return. Since this decision is an estate tax determination, it does not meet the first requirement of the mitigation provisions.

The second requirement is that this determination must be a specified circumstance of adjustment listed in 26 U.S.C. § 1312. O'Brien, 766 F.2d at 1041 (citing 26 U.S.C. § 1311). While the Court has already ruled that there was no determination, it will assume for the purposes of this portion of the analysis, that an estate tax decision does qualify as a determination. Plaintiff alleges

3

that the "circumstance of adjustment" that applies is under subsection 7, which relates to the basis

of property after erroneous treatment of a prior transaction. If a party asserts the circumstance of

adjustment under 26 U.S.C. § 1312(7), it must establish the following four requirements: (1) the

relevant "determination" determines the basis of property; (2) there exists a "transaction on which

such basis depends;" (3) "'in respect of' the 'transaction * * there occurred' a described error (listed

in § 1312(7)(C)) which includes, for example, erroneous recognition and nonrecognition of gain or

loss and erroneous inclusion or exclusion of gross income;" and (4) the described error occurred

"with respect to a [described] taxpayer." O'Brien, 766 F.2d at 1042. The plaintiff concedes that

requirements one, two, and four are met. (United States' Reply Def. Resp. Mot. Dismiss at 2).

The third requirement states that the error listed in 26 U.S.C. § 1312(7)(C) must be attributed

to the transaction that created the basis valuation. Koss v. United States, 69 F.3d 705, 710 (3d Cir.

1995). This transaction is "the transaction in which the property was acquired, and the basis of the

property at the time of the disposition can be said to depend on [or is determined by] such

transaction." O'Brien, 766 F.2d at 1043 n.5 (quoting United States v. Rushlight, 291 F.2d 508, 517

(9th Cir. 1961)).

In this case, the described error is the erroneous recognition of gain and the subsequent

erroneous inclusion of gross income from the sale of the Medtronic stock. However, the sale of the

Medtronic stock is not the transaction that determined the basis of this stock. The basis-determining

transaction was Harry Malm's death, which triggered the transfer of the stock to his estate.

Therefore, the sale of the stock cannot be characterized as a transaction that "in respect of which"

there occurred a "described error." Koss, 69 F.3d at 710; O'Brien, 766 F.2d at 1043 n.5.

The plaintiff cites to only one case to dispute this analysis. In Chertkof, the court allowed

the taxpayer to fall within the circumstance of adjustment under 26 U.S.C. § 1312(7) in a combined

4

estate tax and income tax situation like the one before this Court. 676 F.2d at 993. However, it is not clear how the court addressed the requirement that "in respect of" the transaction there occurred the described error. It never addressed the "in respect of" phrase. The Chertkof court merely spent a few paragraphs describing how death causes a transfer of title. Id. at 992-93. This does not answer how the separate transaction of the sale, which created the described error, can be conflated with the other transaction, which was the transfer of the stock to the estate. Therefore, this opinion is not persuasive.

Since the basis-determining event in the case at bar is not the transaction in respect of which the erroneous recognition of gain occurred, Plaintiff does not meet the 26 U.S.C. § 1312(7) requirements. Therefore, Plaintiff may not use the mitigation provisions to avoid the statute of limitations.

## DECISION

Defendant's Motion to Dismiss is **GRANTED**.

 **IT IS SO ORDERED.**

Dated this _30_ day of November, 2005.

Ralph R. Erickson, District Judge
United States District Court

5